IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00408-MSK-KLM

FRONTIER STEEL BUILDINGS CORP., a Colorado corporation,

    Plaintiff,

v.

S.J. AMOROSO CONSTRUCTION CO., INC., a California corporation,

    Defendants.
_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's** [unopposed] **Motion to Vacate Scheduling Conference Pending Disposition of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or Improper Venue, or, in the Alternative, Motion to Transfer the Case to the District of California and for Temporary Stay of Discovery** [Docket No. 9; filed April 30, 2008] (the "Motion to Vacate and for Stay"). The Court has reviewed the Motion to Vacate and for Stay, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion to Vacate and for Stay is **GRANTED**, as set forth below.

    Plaintiff moves this Court to vacate the Scheduling Conference currently set for May 7, 2008, and to stay all corresponding Fed. R. Civ. P. 26 deadlines until resolution of Defendant's pending Motion to Dismiss [Docket No. 6; filed April 3, 2008].

    Although a stay of discovery is generally disfavored in this jurisdiction, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R.

Civ. P. 26(c).  *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D.Colo. Mar. 30, 2006).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here.  *Id.*  First, the Court balances the Plaintiff's desire to proceed expeditiously with his case against the burden on Defendants of proceeding forward.  *Id.*  Application of this factor is unique in this case because Plaintiff apparently does not seek to proceed with its case for the time being.  In addition, Defendant has filed a Motion to Dismiss asserting, *inter alia*, that the Court lacks personal jurisdiction.  Defendant has done more than offer conclusory assertions that jurisdiction is lacking – it has filed a Motion to Dismiss supported by legal analysis.[1]  In such circumstances, the Court determines that application of this factor weighs in favor of the requested stay.  *See id.* (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden and expense, particularly if the motion to dismiss is later granted").

The Court also considers its own convenience, the interests of non-parties, and the public interest in general.  None of these factors prompt the Court to reach a different result.  In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of the suit" when, as here, a dispositive motion involving jurisdiction is pending.  *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, 2007 WL 4165397, at *2 (D.C.Cir. Nov. 27, 2007) (unpublished decision) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary

---

[1] The Court takes no position as to whether Defendants' Motion to Dismiss should be granted, but merely notes that it appears that the Motion is based upon more than idle speculation.

litigation); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Likewise, the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Chavous*, 201 F.R.D at 5. Finally, this case relates to breach of contract issues and neither party has asserted any compelling nonparty or public interests triggered by the facts at issue.

Accordingly, IT IS HEREBY **ORDERED** that the Motion to Vacate and for Stay is **GRANTED**. The Scheduling Conference set for May 7, 2008 is **VACATED** and the case is **STAYED**, until such time as the Court rules on Defendant's Motion to Dismiss.

IT IS FURTHER **ORDERED** that the Parties shall file a written status report with the Court on or before **June 15, 2008**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: May 1, 2008